```
THOMAS V. GIRARDI, ESQ., SBN 36603
GIRARDI & KEESE
1126 Wilshire Boulevard
Los Angeles, California 90017
(213) 489-5330 - Telephone
(213) 481-1554 - Facsimile

DANIEL S. GRUBER, ESQ., SBN 113351        HOWARD A. SNYDER, ESQ., SBN 113637
GRUBER & GRUBER                           LAW OFFICES OF HOWARD A. SNYDER
15165 Ventura Boulevard, Suite 400        15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403            Sherman Oaks, California 91403
(818) 981-0066 - Telephone                (818) 461-1790 - Telephone
(818) 981-2122 - Facsimile                (818) 461-1793 - Facsimile

Attorneys for Plaintiffs,
```

E-filing

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (SAN FRANCISCO DIVISION)

CV 08 1920 CRB

| | |
|---|---|
| GARY GAUVIN, ELIZABETH HOBBS, DENNIS HOBBS, GLENN MERRICK, LUANN MUSICH, BETTY MILBURN as Personal Representative of the Estate of BILLIE HAFEMAN, ROBERT RICHARDSON, WANDA JEAN SOMSEN, JOYCE SMITH, WILMA VAN GUILDER,<br><br>Plaintiffs,<br><br>vs.<br><br>PFIZER INC.; PHARMACIA & UPJOHN COMPANY; PHARMACIA CORPORATION;<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Strict Liability – Failure to Warn, Design Defect<br>2. Negligence Per Se<br>3. Negligence<br>4. Breach of Implied Warranty<br>5. Breach of Express Warranty<br>6. Deceit by Concealment<br>7. Negligent Misrepresentation<br>8. Intentional Misrepresentation, Concealment and Fraud<br><br>JURY TRIAL DEMAND |

## INTRODUCTION

1.      This case involves the unsafe medication Valdecoxib, trade name Bextra® ("Bextra") and Celecoxib, trade name Celebrex® ("Celebrex") which were manufactured, sold, distributed and promoted by defendants to capitalize on the need of the public to have a pain reliever, similar to Ibuprofen, without any of the known Ibuprofen side effects. Defendants misrepresented that each of the drugs were safe and

1

1 an effective way to relieve osteoarthritis, management of acute pain in adults, and treatment of menstrual pain, when in fact the drugs cause acute medical problems such as serious medical problems such as serious cardiovascular events and death.

## JURISDICTION AND VENUE

2. The court has subject matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C.§ 1332.

3. Venue is proper in this District under 28 U.S.C. §1391(a), and 28 U.S.C. 1407. Defendants conduct substantial business in the State of California and within this Federal Judicial District, advertise in this District, receive substantial compensation and profits from the sales of BEXTRA and CELEBREX in this District, and made material omissions and misrepresentations and breaches of warranties in this District so as to subject them *in personam* jurisdiction in this District.

## INTER-DISTRICT ASSIGNMENT

4. Assignment to San Francisco Division is proper as this action is related to *In Re: Bextra and Celebrex Marketing Sales Prac. And Pro. Liability* MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel in Multidistrict Litigation on September 6, 2005.

## GENERAL ALLEGATIONS

5. This is an action for personal injuries and damages brought on behalf of the Plaintiffs who have been prescribed, supplied with, received, and who have taken and ingested and consumed Bextra and/or Celebrex as researched, designed, formulated, compounded, tested, manufactured, produced, processed, assembled, inspected, distributed, marketed, labeled, promoted, packaged, advertised for sale, prescribed or otherwise placed in the stream of interstate commerce by Defendant Pfizer, Inc., Defendant Pharmacia & Upjohn Company, Defendant Pharmacia Corporation (hereinafter collectively referred to as "DEFENDANTS"). This action seeks, among other relief, general and special damages and equitable relief in order to enable the Plaintiffs to treat and monitor the dangerous, severe and life-threatening side effects caused by these drugs, including but not limited to edema, changes in blood pressure, cardiovascular events, and death.

\\\
\\\

COMPLAINT FOR DAMAGES; JURY TRIAL DEMAND

6.  At all times herein mentioned, each of the Defendants was the agent, servant, partner, aider and abettor, co-conspirator and joint venturer of each of the remaining Defendants herein and were at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, conspiracy and joint venture and rendered substantial assistance and encouragement to the other Defendants, knowing that their conduct constituted a breach of duty.

7.  There exists, and at all times herein mentioned, there existed, a unity of interest in ownership between certain Defendants and other certain Defendants such that any individuality and separateness between the certain Defendants has ceased and these Defendants are the alter ego of the other certain Defendants and exerted control over those defendants. Adherence to the fiction of the separate existence of these certain Defendants as any entity distinct from other certain Defendants will permit an abuse of the corporate privilege and would sanction fraud and would promote injustice.

8.  The injuries of Plaintiffs were caused by the wrongful acts, omissions, and fraudulent misrepresentations of Defendants, all of which occurred within this Judicial District.

9.  At all times herein mentioned, one or more of the corporate Defendants was, and now is, a corporation doing business within this Judicial District.

10. At all times herein mentioned, DEFENDANTS, and each of them were engaged in the business of, or were successors in interest to, entities engaged in the business of research, designing, formulating, compounding, testing, manufacturing, producing, processing, assembling, inspecting, distributing, marketing, labeling, promoting, packaging and/or advertising for sale or selling the drugs Bextra and Celebrex.

11. At all times herein mentioned, the officers and directors of DEFENDANTS, herein participated in, authorized, directed the production and promotion of the aforementioned products when they knew, or with the exercise of reasonable care should have known, of the hazards and dangerous propensities of said products and thereby actively participated in the tortious conduct which resulted in the physical injuries described herein.

## THE PLAINTIFFS

12. Plaintiff, GARY GAUVIN, who resides in the State of Florida, took Bextra and/or Celebrex and was injured as a result.

3

COMPLAINT FOR DAMAGES; JURY TRIAL DEMAND

1   13.   Plaintiff, DENNIS HOBBS, who resides in the State of Idaho, took Bextra and/or
2  Celebrex and was injured as a result.

3   14.   Plaintiff, ELIZABETH HOBBS, who resides in the State of New Jersey, took Bextra
4  and/or Celebrex and was injured as a result.

5   15.   Plaintiff, GLENN MERRICK, who resides in the State of New York, took Bextra
6  and/or Celebrex and was injured as a result.

7   16.   Plaintiff, LUANN MUSICH, who resides in the State of North Carolina, took Bextra
8  and/or Celebrex and was injured as a result.

9   17.   Plaintiff, ROBERT RICHARDSON, who resides in the State of Michigan, took Bextra
10 and/or Celebrex and was injured as a result.

11   18.   Plaintiff, JOYCE SMITH, who resides in the State of Pennsylvania, took Bextra and/or
12 Celebrex and was injured as a result.

13   19.   Plaintiff, WANDA JEAN SOMSEN, who resides in the State of Colorado, took Bextra
14 and/or Celebrex and was injured as a result.

15   20.   Plaintiff, WILMA VAN GUILDER, who resides in the State of New York, took
16 Bextra and/or Celebrex and was injured as a result.

## WRONGFUL DEATH PLAINTIFFS

18   21.   Plaintiff, BETTY MILBURN, the heir at law of decedent BILLIE HAFEMAN, resides
19 in the State of Kentucky. Decedent, BILLIE HAFEMAN took BEXTRA and was injured as a result.
20 Plaintiff BETTY MILBURN lost the care, comfort, companionship, affection and society of her
21 brother as a result of his/her injuries.

## THE DEFENDANTS

23   22.   Defendant, PFIZER INC., is a Delaware corporation with a principal place of business
24 in New York. Upon information and belief, a merger exists between PFIZER INC., and
25 PHARMACIA & UPJOHN COMPANY LLC, PHARMACIA & UPJOHN LLC and PHARMACIA
26 CORPORATION and as a result, PFIZER INC., is legally and factually responsible for all
27 obligations, debts, and liabilities of the three entities. PFIZER INC., is the successor in interest and
28 real party to all three entities. PFIZER INC., wholly owns PHARMACIA CORPORATION, which is

4

COMPLAINT FOR DAMAGES; JURY TRIAL DEMAND

the sole member of the limited liability company PHARMACIA & UPJOHN LLC, which is the sole member of the limited liability company PHARMACIA & UPJON COMPANY LLC. At all times relevant hereto, PFIZER, INC. was engaged in, inter alia, the business of designing, manufacturing, producing, testing, studying, researching, labeling, marketing, advertising, selling, promoting and/or distributing pharmaceutical products, including Bextra and Celebrex for ultimate sale and/or use in the United States of America, including but not limited to the State of California, as well as in foreign jurisdictions.

23. Defendant PFIZER, INC., PHARMACIA & UPJOHN COMPANY, PHARMACIA CORPORATION AND PHARMACEUTICAL COMPANY, Defendants manufactured, marketed, sold and distributed Bextra and Celebrex which was ingested by the Plaintiffs.

24. Defendant PFIZER, INC., PHARMACIA & UPJOHN COMPANY, PHARMACIA CORPORATION INCORPORATED is in the business of researching, designing, formulating, compounding, testing, manufacturing, producing, processing, assembling, inspecting, distributing, marketing, labeling, promoting, packaging and/or advertising for sale Bextra and Celebrex.

25. Defendant, PHARMACIA & UPJOHN COMPANY LLC is a limited liability company whose sole member is PHARMACIA & UPJOHN LLC, which is a limited liability company whose sole members is PHARMACIA CORPORATION, which is a subsidiary of PFIZER, INC., PHARMACIA & UPJOHN COMPANY LLC is a Delaware Corporation with its principal place of business in New York. At all times relevant hereto, PHARMACIA & UPJOHN COMPANY LLC was engaged in the business of designing, manufacturing, producing, testing, studying, researching, labeling, marketing, advertising, selling, promoting and/or distributing pharmaceutical products, including Bextra and Celebrex medications for ultimate sale and/or use in the United States of America, including but not limited to the State of California, as well as in foreign jurisdictions.

26. Defendant, PHARMACIA & UPJOHN LLC, is a limited liability company whose sole member is PHARMACIA CORPORATION , which is a subsidiary of PFIZER, INC., PHARMACIA & UPJOHN LLC, is the sole member of the limited liability company PHARMACIA & UPJOHN COMPANY LLC. PHARMACIA & UPJOHN LLC is a Delaware company with its principal place of business in New York. At all times relevant hereto, PHARMACIA & UPJOHN LLC was engaged in

1  the business of designing, manufacturing, producing, testing, studying, researching, labeling,
2  marketing, advertising, selling, promoting and/or distributing pharmaceutical products, including
3  Bextra and Celebrex for ultimate sale and/or use in the United States of America, including but not
4  limited to the State of California, as well as in foreign jurisdictions.

5       27.   Defendant, PHARMACIA CORPORATION, doing business in California as
6  PHARMACIA PHARMACEUTICAL CORPORATION, is a wholly owned subsidiary of PFIZER,
7  INC, and is the sole member of the limited liability company PHARMACIA & UPJOHN LLC, which
8  is the sole member of the limited liability company PHARMACIA & UPJOHN COMPANY LLC.
9  PHARMACIA CORPORATION is a New York corporation with it principal place of business in the
10 state of New York. At all times relevant hereto, PHARMACIA CORPORATION was engaged in the
11 business of designing, manufacturing, producing, testing, studying, researching, labeling, marketing,
12 advertising, selling, promoting and/or distributing pharmaceutical products, including Bextra and
13 Celebrex for ultimate sale and/or use in the United States of America, including but not limited to the
14 State of California, as well as in foreign jurisdictions.

## FACTUAL ALLEGATIONS

16      28.   At all times relevant, Defendants, and each of them, themselves, or by and through the
17 use of others, did manufacture, create, design, test, label, sterilize, distributed, supply, prescribe,
18 market, sell, advertise, warn, consult or failed to consult, and otherwise distribute in interstate
19 commerce and in the State of California the pharmaceutical products known as Bextra and/or
20 Celebrex.

21      29.   Bextra is the trade name of the generic drug Valdecoxib. Bextra was and is utilized,
22 prescribed, and sold by physicians for pain management and the relief of pain. Bextra was widely
23 advertised and marketed by all named Defendants as a safe and effective pain relief medication.

24      30.   Celebrex is the trade name of the generic drug Celecoxib. Celebrex was and is
25 utilized, prescribed, and sold by physicians for pain management and the relief of pain. Celebrex was
26 widely advertised and marketed by all named Defendants as a safe and effective pain relief
27 medication.

28 \\\

COMPLAINT FOR DAMAGES; JURY TRIAL DEMAND

31. Bextra and Celebrex are cycloosygenese-2-specific inhibitor. Bextra and Celebrex are non-steriodal anti-inflammatory drugs that exhibit anti-inflammatory, analgesic and antipyretic activities in animal models. The mechanism of action of Bextra and Celebrex is believed to be due to inhibitors of prostaglandin synthesis, via inhibition of cyclooxygenase-2 (Cox-2).

32. Evidence linking the subject drug formulations to significant edema, serious cardiovascular events, and death has been noted and reported in a large study. These known material risks were not disclosed to or shared with Plaintiff by any Defendant.

33. Defendants widely and successfully marketed Bextra and Celebrex in the United States, by undertaking an advertising blitz extolling the virtues of Bextra and Celebrex in order to induce widespread use of the products. The marketing campaign consisted of advertisements, promotional literature to be placed in the offices of doctors and other healthcare providers, and other promotional materials provided to potential users.

34. The advertising program, as a whole, sought to create the image, impression and belief by consumers and physicians that the use of Bextra and Celebrex was safe for human use, had fewer side effects and adverse reactions than other pain relief medications and would not interfere with daily life, even though the Defendants knew these to be false, and even though the Defendants had no reasonable grounds to believe them to be true.

35. Defendants and each of them purposefully downplayed and understated the health hazards and risks associated with Bextra and Celebrex. Defendants, through promotional literature, deceived potential users of Bextra and Celebrex by relaying positive information, including testimonials from satisfied users, and manipulating statistics to suggest widespread acceptability, while downplaying the known adverse and serious health effects. Defendants concealed material relevant information from potential users and minimized user and prescriber concern regarding the safety of Bextra and Celebrex.

36. In particular, in the materials produced by Defendants, Defendants falsely misrepresented the severity, frequency and nature of adverse health effects caused by Bextra and Celebrex, and falsely represented that adequate testing had been conducted concerning Bextra and Celebrex.

COMPLAINT FOR DAMAGES; JURY TRIAL DEMAND

37. These drugs have been linked to several severe and life threatening medical disorders including, but not limited to, edema, changes in blood pressure, heart attack, stroke, seizures, kidney and liver damage, pregnancy complications and death.

38. Evidence linking the subject drug formulations to significant edema, serious cardiovascular events, and death has been noted and reported in a large study that was sponsored by Merck & Company, Inc in 2000. These known material risks were not disclosed to or shared with Plaintiff by any Defendant.

39. Defendants' strategy beginning in the 1990's has been to aggressively market and sell these products by falsely misleading potential users about the products and by failing to protect users from serious dangers which Defendant knew or should have know to result from use of these products.

40. Defendants widely and successfully marketed Bextra and Celebrex in the United States, by undertaking an advertising blitz extolling the virtues of Bextra and Celebrex in order to induce widespread use of the products. The marketing campaign consisted of advertisements, promotional literature to be placed in the offices of doctors and other healthcare providers, and other promotional materials provided to potential users.

41. The advertising program, as a whole, sought to create the image, impression and belief by consumers and physicians that the use of was safe for human use, had fewer side effects and adverse reactions than other pain relief medications and would not interfere with daily life, even though the Defendants knew these to be false, and even though the Defendants had no reasonable grounds to believe them to be true.

42. Defendants and each of them purposefully downplayed and understated the health hazards and risks. Defendants, through promotional literature, deceived potential users by relaying positive information, including testimonials from satisfied users, and manipulating statistics to suggest widespread acceptability, while downplaying the known adverse and serious health effects. Defendants concealed material relevant information from potential users and minimized user and prescriber concern regarding the safety.

\\\

8

COMPLAINT FOR DAMAGES; JURY TRIAL DEMAND

43. In particular, in the materials produced by Defendants, Defendants falsely misrepresented the severity, frequency and nature of adverse health effects caused by Bextra and Celebrex and falsely represented that adequate testing had been conducted concerning Bextra and Celebrex.

44. As a result of the Defendants' advertising and marketing efforts, and representations concerning the subject products, the drugs are so pervasively prescribed throughout the United States.

### FIRST CAUSE OF ACTION

(Strict Liability – Failure to Warn and Design Defect– Defendants PFIZER, INC., PHARMACIA & UPJOHN COMPANY, PHARMACIA CORPORATION)

45. The drug products previously described were defective in design, manufacture, testing, production, inspection, endorsement, prescription, sale and distribution, including lack of warnings or consumer information at the time it was placed in the stream of commerce, in that, and not by way of limitation, said product was defective in design and their warnings, instructions and directions failed to warn of the dangerous propensities of said products, which risks were known or reasonably scientifically knowable to Defendants. The Defendants, and each of them, knew or should have known of the defective condition, characteristics and risks associated with said products, as previously set forth herein.

46. At all times herein mentioned, the aforementioned; product was defective, and Defendants, and each of them, knew that the product was to be used by the user without inspection for defects therein. Moreover, Plaintiffs neither knew, nor had reason to know at the time of the use of the subject products, of the existence of the aforementioned defects.

47. As a result of the defective condition of the aforementioned product, Plaintiffs suffered injuries and damages as alleged herein.

### SECOND CAUSE OF ACTION

(Negligence – Defendants PFIZER, INC., PHARMACIA & UPJOHN COMPANY, PHARMACIA CORPORATION)

48. Plaintiffs and each of them incorporate by reference herein Paragraphs 1 through 48 as though fully set forth herein.

9

COMPLAINT FOR DAMAGES; JURY TRIAL DEMAND

49. At all times herein mentioned, Defendants, and each of them, had a duty to properly manufacture, design, formulate, compound, test, produce, process, assemble, inspect, research, distribute, market, label, package, prepare for use, sell, prescribe, consult, and adequately warn of the risks and dangers of the aforementioned products.

50. At all times herein mentioned, Defendants, and each of them, negligently and carelessly manufactured, designed, formulated, compounded, produced, processed, assembled, inspected, distributed, marketed, labeled, packaged, consulted or failed to consult, prepared for use and sold the aforementioned products and failed to adequately test and warn of the risks and dangers of the aforementioned products.

51. As a result of said negligence and carelessness of the defendants and each of them, Plaintiff suffered injuries and damages as alleged herein.

## THIRD CAUSE OF ACTION

(Negligence Per Se – Defendants PFIZER, INC., PHARMACIA & UPJOHN COMPANY, PHARMACIA CORPORATION)

52. Plaintiffs and each of them incorporate by reference herein Paragraphs 1 through 52 as though fully set forth herein.

53. At all times herein mentioned, Defendants, and each of them, had an obligation not to violate the law, in the manufacture, design, formulation, compounding, testing, production, processing, assembly, inspection, research, distribution, marketing, labeling, packaging, preparation for use, distributing, consulting, sale and warning of the risks and dangers of the aforementioned products.

54. At all times herein mentioned, Defendants, and each of them, violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. Section 301, et seq., related amendments and codes and federal regulations provided thereunder.

55. Plaintiffs, as purchasers and consumers of the products, are within the class of persons the statutes and regulations described above are designed to protect, and Plaintiffs' injuries are they type of harm these statutes are designed to prevent.

\\\

1  56.  Defendants failed to meet the standard of care set by the following statutes and
2  regulations, which were intended for the benefit of individuals such as Plaintiffs, making Defendants
3  negligent per se:

4  57.  The labeling lacked adequate information on the use of Bextra and Celebrex, even
5  though the Defendants were aware of the widespread use of the Bextra and Celebrex. [21 C.F.R.
6  Section 201.56(a) and (d)]

7  58.  The labeling lacked adequate information on the approximate kind, degree and
8  duration of expected improvement, alone or in combination in violation of 21 C.F.R. Section
9  201.57(c)(3)(I).

10  59.  The labeling did not state that there was a lack of evidence to support the common
11  belief of the safety and advocacy of Bextra and Celebrex [21 C.F.R. 201.57(c)(3)(I) and (iv) and
12  (c)(2)]

13  60.  The labeling failed to add warnings for serious cardiovascular events and death as soon
14  as there was reasonable evidence of their association with the drugs. [21 C.F.R. 201.57(e)].

15  61.  There was inadequate information for patients for the safe and effective use of
16  Defendants' drugs, in violation of 21 C.F.R. 201.57(f)(2).

17  62.  There was inadequate information regarding special care to be exercised by the doctor
18  for safe and effective use of Defendants' drugs in violation of 21 C.F.R. 201.57(f)(1).

19  63.  The labeling was misleading and promotion violation of 21 C.F.R. 201.56(b).

20  64.  As a result of the violations of the statutes described above, Plaintiffs suffered injuries
21  and damages as alleged herein.

## FOURTH CAUSE OF ACTION
(Breach of Implied Warranty – Defendants PFIZER, INC., PHARMACIA & UPJOHN COMPANY, PHARMACIA CORPORATION)

25  65.  Plaintiffs and each of them incorporate by reference herein Paragraphs 1 through 65 as
26  though fully set forth herein.

27  66.  Prior to the time that the aforementioned products were used by Plaintiffs, Defendants,
28  and each of them, impliedly warranted to Plaintiffs and Plaintiffs' agents and physicians that said

11

COMPLAINT FOR DAMAGES; JURY TRIAL DEMAND

1 products were of merchantable quality and safe and fit for the use for which they were intended.

2     67.    Plaintiffs were and are unskilled in the research, design and manufacture of the aforementioned products and reasonably relied entirely on the skill, judgment and implied warranty of the Defendants in using the aforementioned products.

    68.    The aforementioned products were neither safe for their intended use nor of merchantable quality, as warranted by Defendants, in that they had dangerous propensities when put to their intended use and would cause severe injuries to the user.

    69.    As a result of the aforementioned breach of implied warranties by the Defendants and each of them, Plaintiffs suffered injuries and damages as alleged herein.

## FIFTH CAUSE OF ACTION

(Breach of Express Warranty – Defendants PFIZER, INC., PHARMACIA & UPJOHN COMPANY, PHARMACIA CORPORATION)

    70.    Plaintiffs and each of them incorporate by reference herein Paragraphs 1 through 70 as though fully set forth herein.

    71.    At all times herein mentioned, Defendants expressly warranted to Plaintiffs and Plaintiffs' agents and physicians, by and through statements made by Defendants or their authorized agents or sales representatives, orally and in publications, package inserts and other written materials intended for physicians, medical patients and the general public, that the aforementioned products were safe, effective, fit and proper for their intended use.

    72.    In utilizing the aforementioned products, Plaintiffs relied on the skill, judgment, representations and foregoing express warranties of the Defendants, and each of them. Said warranties and representations were false in that the aforementioned products were not safe and were unfit for the uses for which they were intended.

    73.    As a result of the foregoing breach of express warranties by the Defendants, and each of them, Plaintiff suffered injuries and damages as alleged herein.

\\\

\\\

\\\

12

COMPLAINT FOR DAMAGES; JURY TRIAL DEMAND

1 **SIXTH CAUSE OF ACTION**

2 (Deceit by Concealment – Defendants PFIZER, INC., PHARMACIA & UPJOHN COMPANY,
3 PHARMACIA CORPORATION)

4   74.   Plaintiffs and each of them incorporate by reference herein Paragraphs 1 through 74 as
5 though fully set forth herein.

6   75.   Defendants, and each of them, from the time that the aforementioned products were
7 first manufactured, marketed and distributed, and up to the present, willfully deceived Plaintiffs by
8 concealing from the Plaintiffs, Plaintiffs' physicians and the general public, the true facts concerning
9 said pharmaceutical products, which the Defendants, as manufacturers markers and distributors of the
10 products, had a duty to disclose.

11   76.   As set forth above, Defendants sponsored a large study which concluded that patients
12 taking these drugs had four times the risk of heart attacks and that the risk appears to increase over
13 time.

14   77.   At all times herein mentioned, Defendants, and each of them, conducted a sales and
15 marketing campaign to promise the sale of the aforementioned drug products and willfully deceive
16 Plaintiffs, Plaintiffs' physicians and the general public as to the health risks and consequences of the
17 use of the aforementioned products. Defendants, and each of them, were aware of the foregoing, and
18 that the aforementioned products were not same, fit and effective for human consumption, the use of
19 said products is hazardous to health, and said products have a serious propensity to cause serious
20 injuries to users, including but not limited to the injuries suffered by Plaintiffs.

21   78.   The Defendants intentionally concealed and suppressed the true facts concerning said
22 pharmaceutical products with the intent to defraud Plaintiffs, in that the Defendants knew that
23 Plaintiffs' physicians would not prescribe the subject products, and Plaintiffs would not have used the
24 subject products, if they were aware of the true facts concerning the dangers of said product.

25   79.   As a result of the foregoing fraudulent and deceitful conduct by the Defendants, and
26 each of them, Plaintiffs suffered injuries and damages as alleged herein.

27 \\\
28 \\\

COMPLAINT FOR DAMAGES; JURY TRIAL DEMAND

## SEVENTH CAUSE OF ACTION

(Negligent Misrepresentation - Defendants PFIZER, INC., PHARMACIA & UPJOHN COMPANY, PHARMACIA CORPORATION)

80. Plaintiffs and each of them incorporates by reference herein Paragraphs 1 through 80 as though fully set forth herein.

81. Defendants, and each of them, from the time that the aforementioned products were first manufactured, marketed and distributed, and up to the present, made false misrepresentations, as previously set forth herein, to Plaintiffs, Plaintiffs' physicians and the general public, including but not limited to the misrepresentation that said pharmaceutical product was safe, fit and effective for human consumption. At all times herein mentioned, Defendants, and each of them, conducted a sales and marketing campaign to promote the sale of the aforementioned drug products and willfully deceive Plaintiffs, Plaintiffs' physicians and the general public as to the health risks and consequences of the use of the aforementioned products.

82. The Defendants made the foregoing representation without any reasonable ground for believing them to be true. These representations were made directly by Defendants, by sales representatives and other authorized agents of said Defendants, and in publications and other written materials directed to physicians, medical patients and the public, with the intention of inducing reliance and the prescription, purchase and use of the subject products.

83. The foregoing representations by the Defendants, and each of them, were in fact false, in that the aforementioned products were not same, fit and effective for human consumption, the use of said products is hazardous to health, and said products have a serious propensity to cause serious injuries to users, including but not limited to the injuries suffered by Plaintiffs as delineated herein.

84. The foregoing representations by Defendants, and each of them, were made with the intention of inducing reliance and the prescription, purchase and use of the subject products.

85. In reliance on the misrepresentations by the Defendants, and each of them, Plaintiffs were induced to purchase and use the use of the aforementioned products. If Plaintiffs had known of the true facts and the facts concealed by the Defendants, Plaintiffs would not have used the subject products. The reliance of Plaintiffs upon Defendants' misrepresentations was justified because such

COMPLAINT FOR DAMAGES; JURY TRIAL DEMAND

misrepresentations were made and conducted by individuals and entities who were in a position to know the true facts.

86. As a result of the foregoing negligent misrepresentations by the Defendants, and each of them, Plaintiffs suffered injuries and damage as alleged herein.

### EIGHTH CAUSE OF ACTION

(Intentional Misrepresentation, Concealment and Fraud - Defendants PFIZER, INC., PHARMACIA & UPJOHN COMPANY, PHARMACIA CORPORATION)

87. Plaintiffs and each of them incorporate and reference herein Paragraphs 1 through 87 as though fully set forth herein and further alleges as follows:

88. At all material times, Defendants were engaged in the business of selling pharmaceuticals including Bextra and Celebrex.

89. Defendants made intentional misrepresentations of material facts to, and omitted and/or concealed material facts from Plaintiff, the class, prescribing physicians, and the FDA in advertising and promotional campaigns and materials, in standardized package inserts, in correspondence to health care professionals, in submissions and reports to the FDA, among other ways, regarding the safety and use of Bextra and Celebrex.

90. Defendants deliberately and intentionally misrepresented to, and suppressed and/or concealed material facts from, prescribing physicians, hospitals, clinics, and other health care providers, and consumers, including Plaintiff that Bextra and Celebrex were safe when used as intended for treatment of osteoarthritis, management of acute pain in adults, and treatment of menstrual pain. These misrepresentations and concealment and suppressions of facts concerning Celebrex and Bextra included, but were not limited to:

a. Failing to disclose that sufficient pre-clinical and clinical testing and adequate post-marketing surveillance had not been done;

b. Failing to adequately and timely disclose, and/or intentionally concealing, the results of animal and/or human tests showing the risk or potential risk of cardiac toxicity and/or death associated with the use of Celebrex or Bextra.

\\\

1   c.     Failing to include adequate warnings with Celebrex or Bextra prescriptions about potential
2   and actual risks and the nature, scope, severity, and duration of any serious side-effects of Celebrex or
3   Bextra, including but not limited to the risks of heart attacks, stroke, and/or death;
4   d.     Actively suppressing and/or downplaying the known and true risks of heart attacks and/or
5   death.

6      91.    Defendants had a duty to disclose, but failed to disclose the foregoing risks. Even after
7   Defendants were in the possession of information concerning those risks, Defendants still failed to
8   fully and timely disclose those risks. Defendants' representations that Celebrex and Bextra were safe
9   for their intended use were false, since the above-mentioned medications were, in fact, dangerous to
10  the health of Plaintiffs when used for the control of osteoarthritis and inflammation, the management
11  of acute pain in adults, and treatment of menstrual pain, and there were safer and effective alternative
12  products and methods available.

13     92.    In the alternative, Defendants failed to exercise reasonable care in ascertaining the
14  accuracy of the information regarding the safe use of Celebrex or Bextra. Defendants failed to
15  disclose facts indicating that Celebrex or Bextra caused heart attacks, stroke, and/or death, among
16  other serious side effects, and Defendants otherwise failed to exercise reasonable care in
17  communicating the information concerning said products to the Plaintiffs, prescribing physicians and
18  the FDA and/or concealed facts which were known to Defendants.

19     93.    Plaintiffs were not aware of the falsity of the foregoing representations, nor were the
20  aware that material facts concerning Celebrex and/or Bextra had been concealed or omitted by
21  Defendants. In reliance upon Defendants' misrepresentations, Plaintiffs were induced to and did
22  purchase and ingest Celebrex, and/or Bextra. If Plaintiffs had known the true facts concerning the
23  risks of the aforementioned products, in particular, the risks of heart attacks, strokes and/or death,
24  they would not have taken these drugs.

25     94.    Plaintiffs' reliance upon Defendants' intentional misrepresentations were justified,
26  among other reasons, because the misrepresentations and omissions were made by individuals and
27  entities who were in a position to know the true facts concerning Celebrex and/or Bextra. Plaintiffs,
28  on the other hand, were not in the position to know the true facts. Defendants aggressively marketed

16

COMPLAINT FOR DAMAGES; JURY TRIAL DEMAND

1  the use of Celebrex and/or Bextra, and while downplaying the risks of the use of these drugs, thereby
2  inducing Plaintiffs, and prescribing physicians to use this drug, in lieu of other safer methods, and
3  inducing the FDA to apply and maintain Celebrex and Bextra on the market. At all times relevant,
4  corporate officers, directors and/or managing agents knew of and ratified the acts of the corporate
5  Defendants alleged herein.

6    95.   As a direct, proximate, and legal result of Defendants' misrepresentations and or
7  concealment, Plaintiffs suffered, and will continue to suffer injury, harm and economic loss as
8  described herein.

9    96.   Defendants' conduct in making the foregoing intentional misrepresentations were
10 fraudulent, knowing misconduct, and/or conduct undertaken recklessly and with conscious disregard
11 for the safety of consumers such as Plaintiffs. Such actions constitute despicable conduct, oppression,
12 fraud and malice. Such conduct was at all times relevant ratified by the corporate Defendants herein,
13 thereby entitling Plaintiffs to punitive damages in an amount appropriate to punish and make an
14 example of Defendants.

15    WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as
16 follows:

17    1.   For past and future general damages, according to proof;
18    2.   For past and future medical and incidental expenses, according to proof;
19    3.   For past and future loss of earnings and/or earning capacity, according to proof;
20    4.   For future medical monitoring costs, according to proof;
21    6.   For punitive and exemplary damages in an amount to be determined at trial;
22    7.   For prejudgment interest on all damages as is allowed by the laws of the State of
23 California;
24    8.   For past and future mental and emotional distress, according to proof;
25    9.   For past and future loss of consortium, according to proof;
26    10.  For past and future costs of suit incurred herein;
27    11.  For injunctive relief, enjoining Defendants from the acts of unfair competition and
28 untrue and misleading advertising.

COMPLAINT FOR DAMAGES; JURY TRIAL DEMAND

Case 3:08-cv-01820-CRB     Document 1     Filed 04/04/2008     Page 18 of 18

1   12.    For a disgorgement of profits, according to proof;

2   13.    For such other and further relief as the Court deems just and proper.

3

4   DATED: April 4, 2008                           GRUBER & GRUBER

5

6                                                  BY: /s/ Daniel S. Gruber
                                                   Daniel S. Gruber
7                                                  Attorneys for Plaintiffs

8

9                           **DEMAND FOR JURY TRIAL**

10  Plaintiffs demand a trial by jury on all claims so triable in this action.

11  DATED: April 4, 2007                           GRUBER & GRUBER

12

13                                                 BY: /s/ Daniel S. Gruber
                                                   Daniel S. Gruber
14                                                 Attorneys for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

COMPLAINT FOR DAMAGES; JURY TRIAL DEMAND

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
GARY GAUVIN, ELIZABETH HOBBS, DENNIS HOBBS, GLENN MERRICK, LUANN MUSICH, BETTY MILBURN as Personal Representative of the Estate of BILLIE HAFEMAN, JOYCE SMITH & WILMA VAN GUILDER

## DEFENDANTS
PFIZER, INC., PHARMACIA CORPORATION

E-filing

CRB

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  New York
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE OF LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
GRUBER & GRUBER
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
(818)981-0066

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [X] 366 Personal Injury - Product Liability | | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | SOCIAL SECURITY | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 690 Other | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | LABOR | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence Habeas Corpus: | | FEDERAL TAX SUITS | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 530 General | [ ] 740 Railway Labor Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 550 Civil Rights | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 555 Prison Condition | | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [X] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Plaintiffs allege personal injuries from ingesting the drugs Celebrex and Bextra

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 0.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 4/3/08
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

NDC-JS44